November 4, 2025

**VIA EMAIL:**
The Honorable Ryan C. Carson
United States Magistrate Judge
carson@ned.uscourts.gov
111 South 18th Plaza, Suite 2271
Omaha, NE 68102

|  |  |
|---|---|
| **Our Client:** | Mary Kay Engdahl |
| **Re:** | *Engdahl v. Menard, Inc.* |
| **Case No.:** | *8:24-cv-00115* |
| **Our Case No.:** | 01427 |

Dear Judge Carson,

Plaintiff respectfully thanks the Court for its time, attention, and consideration in reviewing this matter. Plaintiff's position on the discovery dispute is as follows:

Plaintiff seeks to reopen discovery for the limited purpose of issuing a subpoena to Gallagher Bassett, Defendant's third-party claims administrator. After the close of discovery, Defendant introduced new evidence and arguments at the summary judgment stage, including service instructions, a declaration and assertions that no agency relationship exists between Menard, Inc. and Gallagher Bassett. These issues and documents were never disclosed during discovery and bear directly on liability. Defendant's reliance on previously withheld information fundamentally changes the factual landscape and prejudices Plaintiff's ability to respond.

Throughout discovery, Plaintiff requested documents and communications regarding Defendant's relationship and coordination with Gallagher Bassett. Defendant objected, claiming those materials were privileged and refusing production. Now, however, Defendant seeks to use that same information to its own advantage, asserting positions and evidence that depend on the very materials it previously shielded from disclosure. This inconsistency is improper and undermines the fairness and integrity of the discovery process.

Plaintiff has diligently complied with all discovery deadlines and could not have anticipated Defendant's post-discovery shift in position. Good cause exists under Rules 16(b)(4) and 56(d) to reopen discovery for this limited and targeted purpose. The requested subpoena is narrowly tailored to obtain only those materials necessary to address the newly raised agency issue. Reopening discovery is the only equitable remedy to prevent Defendant from benefitting from its selective disclosure and to ensure a complete and fair record before the Court.

**Disputed Requests:**

Request for Production of Documents Number 22: Produce all correspondence with insurance companies, legal counsel, or third parties regarding the Incident, including claims filed, coverage determinations, and related communications.

Proposed Subpoena to Gallagher Bassett: 1. All communications (written, electronic, or otherwise recorded) between Gallagher Bassett and Menard, Inc., or its insurer, concerning the handling of Mary Kay Engdahl's claim, including but not limited to correspondences, emails, memoranda, documented interactions, and transmissions. 2. All documents reflecting Menard's role in directing, controlling, supervising, or overseeing Gallagher Bassett's handling of Mary Kay Engdahl's claim, including but not limited to contracts, agreements, policies, guidelines, claims handling manuals, or instructions.  3. The complete claim file relating to Mary Kay Engdahl's claim with Manard, Inc., including but not limited to applications, notices of claim, proof-of-loss forms, claim intake materials, internal notes, investigation reports, witness statements, adjuster notes, evaluations and supporting documentation. 4. All internal Gallagher Bassett communications (emails, notes, memoranda, or other documents) concerning the handling of Mary Kay Engdahl's claim, including any discussion of Menard's role in or influence over the claim. 5. All billing records, invoices, contracts, and payment records reflecting how Gallagher Bassett was retained, compensated, or reimbursed in connection with Mary Kay Engdahl's claim.

Very truly yours,

*GWISE*

Grace M Wiseman
HORGAN LAW, LLC
For the firm