IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY KAY ENGDAHL,<br><br>               Plaintiff,<br><br>vs.<br><br>MENARD, INC.,<br><br>               Defendant. | **8:24CV115**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiff's Objection, Filing No. 115, to the Magistrate Judge's Fourth Amended Progression Order, Filing No. 112. Specifically, Plaintiff takes issue with the Magistrate Judge declining to modify the scheduling order to allow her to depose an additional witness. For the reasons set forth herein, the objection is overruled.

## I.    BACKGROUND

This is a slip and fall case occurring at a Menard's store in Omaha, Nebraska. *See* Filing No. 1. A recounting of certain procedural history is necessary to an understanding of the present dispute.

On March 24, 2025, the parties filed a Stipulated Motion to Amend Progression Order. Filing No. 41. That stipulation agreed to stay the following deadlines until after the Court ruled on summary judgment: Defendant's deadline to identify expert witnesses, Defendant's deadline to complete expert disclosures, the deadline to identify rebuttal experts, the deadline to complete rebuttal expert disclosures, and *Daubert* motions. Filing No. 41 at 1–2. The parties also agreed to move the deadline to complete depositions from October 15, 2025, to September 15, 2025, and the deadline to complete written

discovery from July 24, 2025, to July 11, 2025.  Filing No. 41 at 2.  The parties did not seek to extend or stay any deadlines that had already expired, such as Plaintiff's expert deadlines.  *See, e.g.*, Filing No. 25 at 2 (Plaintiff's expert witness identification deadline set for September 20, 2024).  The Court adopted the parties' stipulation, moved the deposition deadline, and stayed the remaining requested deadlines until after the summary judgment ruling.  Filing No. 43.

In June 2025, Plaintiff filed her motion for summary judgment.  Filing No. 49.  For the first time, she advanced a theory of the case that a third-party claims adjuster, Jennifer Summers, admitted Defendant should be liable for Plaintiff's injuries when she emailed Plaintiff regarding negotiating her claim stating, "We have accepted liability."  *See* Filing No. 105 at 2, 6 (Court's summary judgment order summarizing Plaintiff's argument).

In November 2025, the parties alerted the Court that a discovery dispute had arisen.  Filing No. 99.  Plaintiff sought to reopen discovery in order to issue a subpoena to Summers's employer, Gallagher Bassett.  Filing No. 101 at 1.  The Magistrate Judge denied this request, finding, "Plaintiff was aware of these issues for some time, did not raise any objections with the court during discovery, and could have worked through the disclosure of this evidence prior to the expiration of those deadlines."  Filing No. 100.  Finding no good cause shown, the court denied Plaintiff's request to reopen discovery and to issue the third-party subpoena.  *Id.*

The Court filed an order resolving the parties' cross-motions for summary judgment on March 30, 2026.  The Court denied summary judgment on the basis of Summers's email, finding there was not enough evidence in the record to determine if Summers's statement was an admission by a party opponent.  Filing No. 105 at 7–8.  The Court also

concluded the statement itself was subject to multiple interpretations by the factfinder because certain context was missing, such as the emails preceding the "liability accepted" one. *Id.* The Court also denied Plaintiff's request to strike Summers's affidavit which she argued Defendant had failed to timely disclose. *Id.* at 5. The Court declined to strike the affidavit because "Plaintiff's theory that Defendant is equitably estopped by Summers's email is a novel one she only recently asserted" and "Defendant cannot be faulted for failing to anticipate Plaintiff would raise this argument and Summers's otherwise unimportant email would therefore become 'discoverable information.'" *Id.* The Court also noted that as the recipient of the email, Plaintiff had been aware of Summers's email, identity, and the contents of her statement since the inception of the case. *Id.*

Following the Court's ruling on summary judgment, the Magistrate Judge set a scheduling conference to discuss re-progressing the deadlines that had previously been stayed. Filing No. 109. In advance of the hearing, the parties submitted position statements. Plaintiff stated the "primary issue for the scheduling conference is resetting the discovery deadlines." Filing No. 114-1 at 1. She did not mention Summers or the expired deposition deadline. *See id.* Defendant stated in its position statement that it anticipated Plaintiff would want to depose Summers and Defendant opposed this request on the basis that the deposition deadline had already passed. Filing No. 114 at 2–3. At the scheduling conference, however, Plaintiff did mention deposing Summers. *See* Filing No. 113 (audio file). In his Text Minute Entry after the conference, the Magistrate Judge stated, "The parties' prior stipulation makes clear that they agreed to stay Defendant's expert witness identification and disclosure deadlines, Plaintiffs rebuttal deadlines, and *Daubert* motion deadline. Filing No. 41. The Court agrees that the stipulation controls

and will not reopen any previously expired deadlines." Filing No. 111. The Magistrate Judge then issued the Fourth Amended Final Progression Order which reset the previously stayed deadlines and stated, "The deadlines for written discovery, motions to compel, Plaintiff's expert disclosures, dispositive motions, and depositions not specifically provided herein have expired and those deadlines will not be reopened." Filing No. 112 at 1.

Plaintiff thereafter filed an Objection to the Fourth Amended Final Progression Order to the extent the Magistrate Judge refused to reopen the expired deadlines in order to allow her to depose Summers. Filing No. 115. On May 14, 2026, after Plaintiff filed her objection, the Magistrate Judge scheduled a status hearing with the parties regarding the objection to the progression order and the status of settlement discussions. Filing No. 118. The Magistrate Judge expressed his confusion at the objection because Plaintiff had not asked to reset any expired deadlines in order to depose Summers. Filing No. 119 (audio file). Plaintiff's counsel stated he could not recall if he had not expressly requested to depose Summers but reiterated his belief that such relief was nevertheless warranted. The Magistrate Judge declined to change his ruling refusing to reopen expired discovery deadlines. Filing No. 118.

## II.    STANDARD OF REVIEW

A district court may designate a magistrate judge to hear and determine a nondispositive pretrial matter. 28 U.S.C. § 636(b)(1)(A). A party may object to a magistrate judge's order on a nondispositive matter by filing an objection. Fed. R. Civ. P. 72(a). "A district court may reconsider a magistrate judge's ruling where it has been

4

shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### III.    ANALYSIS

The Magistrate Judge's Fourth Amended Final Progression Order was not clearly erroneous or contrary to law.

First, Plaintiff did not ask the Magistrate Judge to amend the scheduling order in order to allow her to depose Summers at the scheduling conference that preceded the issuance of the Fourth Amended Final Progression Order, the order to which she now objects. She also did not indicate in her position statement preceding that conference that she was requesting to open closed discovery deadlines.[1] There can be no error in the Magistrate Judge failing to grant a request that was never made.

Second, even if Plaintiff's generalized reference to needing to reset discovery deadlines could be generously read to refer to the expired deadlines (like the deposition deadline) as opposed to merely resetting those deadlines that had been previously stayed, the Magistrate Judge's refusal to reopen discovery to allow Plaintiff to depose Summers would still not be clearly erroneous or contrary to law. The question of conducting additional discovery into Summers had already been raised and ruled on when Plaintiff sought to issue a subpoena to Gallagher Bassett in November 2025. The Magistrate Judge denied this request because Plaintiff had long been aware of the issues involving Summers and her email and failed to show good cause for not raising the issue

---

[1] Plaintiff also contends that the Magistrate Judge should have addressed extending the deposition deadline because Defendant mentioned it in its position statement preceding the scheduling conference. This argument defies logic. In its position statement, submitted simultaneously with Plaintiff's position statement, Defendant noted that deposing Summers was an issue it thought Plaintiff *might* raise and stated its opposition should she do so. However, as noted above, Plaintiff did not in fact raise the issue. Defendant has no obligation to make Plaintiff's case for her and its anticipatory opposition cannot supplant an actual request from the moving party for the Magistrate Judge to take action.

sooner.  Filing No. 100.  Similar logic would apply to her even-later request to depose Summers.

Lastly, to the extent Plaintiff contends the undersigned's summary judgment order stands for the proposition that she must be allowed to reopen discovery, she is mistaken. The Court noted in denying Plaintiff's motion for summary judgment that certain evidence that may have allowed it to resolve the legal question of the extent of Summers's apparent authority was not presented in the record.  However, this was not a blessing to reopen long-expired discovery deadlines.  Part of the missing evidence the Court referred to (Summers's emails to Plaintiff preceding and following the "liability accepted" email that may have shed light on the issue of apparent authority) were already in Plaintiff's possession and her failure to provide them in conjunction with her summary-judgment motion cannot be blamed on expired discovery deadlines.  Additionally, the Court noted that Plaintiff's contention that Defendant had conceded liability was a new theory of the case that Plaintiff had only recently chosen to advance despite being aware of Summers's "liability accepted" email from the inception of the case and declining to conduct timely discovery into the issue.

For similar reasons that it denied Plaintiff's motion to strike Summers's affidavit in opposition to summary judgment, Filing No. 105 at 5–6, the Court finds no reason to overrule the Magistrate Judge's decision not to reopen discovery in order to allow Plaintiff to depose Summers at this late stage of the game.  Plaintiff was in possession of Summers's email from the date it was sent and yet engaged in the discovery process as if liability was still contested, only choosing to unveil her equitable estoppel theory based on Summers's email at the summary-judgment stage.  That Defendant was then required

6

to defend against this novel theory by producing a responsive affidavit from Summers does not constitute good cause for Plaintiff to reopen expired deadlines.  The timing of Summers's affidavit and any resultant insufficiency of discovery are problems of Plaintiff's own making.

Accordingly,

IT IS ORDERED:

1.  Plaintiff's Objection, Filing No. 115, to the Magistrate Judge's order is overruled. The Fourth Amended Final Progression Order, Filing No. 112, stands as written.


Dated this 3rd day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

7